**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | | |
|---|---|---|
| GRACE MURREY and husband, EDWARD MURREY, IV, | ) | |
| Plaintiffs, | ) | Civil Action No. 1:07-cv-00229 |
| v. | ) | |
| C.R. BARD, INC. and DAVOL INC., | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.**

Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), by and through counsel, hereby answer Plaintiffs' Complaint, paragraph by paragraph, as follows.

**I.**

**PARTIES AND JURISDICTION**

A. Paragraph I.A. of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph I.A. of the Complaint.

B. Defendants admit that Davol is a subsidiary of Bard. Defendants further admit that Davol is a Delaware corporation with its principal place of business in Rhode Island, and that Bard is a New Jersey corporation with its principal place of business in New Jersey. Answering further, Defendants admit that they are not licensed to do business in Tennessee, but state that such licensure is unnecessary.

C. To the extent that the allegations in Paragraph I.C. apply to Bard, Bard denies each and every allegation contained in Paragraph I.C. To the extent the allegations in Paragraph I.C. apply to Davol, Davol admits that at various times it designed, manufactured, and/or sold the Bard® Ventralex® Hernia Patch.

D. Defendants deny each and every allegation contained in Paragraph I.D.

E. Defendants deny each and every allegation contained in Paragraph I.E.

F. The allegations contained in Paragraph I.F. are conclusions of law to which no response is required.

## II.

## FACTUAL BACKGROUND

A. Paragraph II.A. of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph II.A. of the Complaint and therefore deny the same.

B. Paragraph II.B. of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph II.B. of the Complaint and therefore deny the same.

C. Defendants admit that the Composix® Kugel® Hernia Patch was a predicate device to the Bard® Ventralex® Hernia Patch. Answering further, Defendants state that the referenced "510(k) Summary for the Safety and Effectiveness for the Ventralex Patch" speaks for itself. Defendants deny each and every remaining allegation contained in Paragraph II.C.

**III.**

**NEGLIGENT AND IMPROPER ACTS OF DEFENDANTS**

A. Paragraph III.A. of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph III.A.

B. Paragraph III.B. of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph III.B.

C. Paragraph III.C. of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph III.C., including subparagraphs 1 through 15.

**IV.**

**CLAIMS FOR RELIEF**

**PRODUCTS LIABILITY**

A. To the extent that the allegations in Paragraph IV.A. apply to Bard, Bard denies each and every allegation contained in Paragraph IV.A. To the extent the allegations in Paragraph IV.A. apply to Davol, Davol admits that at various times it designed, manufactured, and/or sold the Bard® Ventralex® Hernia Patch for use by prescribing physicians in accordance with its instructions for use.

B. Paragraph IV.B. of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph IV.B.

C. Paragraph IV.C. of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph IV.C.

D. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph IV.D. of the Complaint and therefore deny the same.

E. Paragraph IV.E. of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph IV.E.

**BREACH OF EXPRESS WARRANTY**

A. Defendants incorporate their answers to each of the foregoing paragraphs.

B. Paragraph B of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph B.

C. Paragraph C of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph C.

**BREACH OF IMPLIED WARRANTY**

A. Defendants incorporate their answers to each of the foregoing paragraphs.

B. Paragraph B of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph B.

C. Paragraph C of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph C.

**FRAUD**

A. Defendants incorporate their answers to each of the foregoing paragraphs.

B. Paragraph B of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph B.

C. Paragraph C of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph C.

D. Paragraph D of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph D.

E. Paragraph E of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph E.

F. Paragraph F of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph F.

**CONSTRUCTIVE FRAUD**

A. Defendants incorporate their answers to each of the foregoing paragraphs.

B. Paragraph B of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph B.

C. Paragraph C of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph C.

D. Paragraph D of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph D.

E. Paragraph E of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph E.

**NEGLIGENCE**

A. Defendants incorporate their answers to each of the foregoing paragraphs.

B. Paragraph B of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph B.

C. Paragraph C of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph C.

D. Paragraph D of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph D.

E. Paragraph E of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph E.

**VIOLATION OF CONSUMER PROTECTION STATUTES**

A. Defendants incorporate their answers to each of the foregoing paragraphs.

B. Paragraph B of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph B.

C. Paragraph C of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph C.

D. Paragraph D of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph D.

E. Paragraph E of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph E.

F. Paragraph F of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph F.

G. Paragraph G of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph G.

H. Paragraph H of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph H.

I. Paragraph I of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph I.

J. Paragraph J of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph J.

**V.**

**DAMAGES**

A. Paragraph A of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph A.

**VI.**

**PUNITIVE DAMAGES**

A. Paragraph A of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph A.

**VII.**

**PRAYER FOR RELIEF**

A. Paragraph A of the Complaint contains conclusions of law to which no answer is required. To the extent and answer is required, Defendants deny each and every allegation contained in Paragraph A, including subparagraphs 1 through 7.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiffs' claims in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statutes of repose, and/or the doctrine of laches bar Plaintiffs' claims in whole or in part.

6. Plaintiffs', or their agents', including their physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

7. If Plaintiff received a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

9. If Plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiffs, including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiff received a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars Plaintiffs' claims.

11. The learned intermediary doctrine bars Plaintiffs' claims.

12. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

16. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

17. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiffs or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Bard® Ventralex® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

19. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiffs and owes no duty to Plaintiffs by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

23. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

24. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Bard® Ventralex® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

26. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: October 8, 2007

Respectfully submitted,

BY: /s/ Andrew Colocotronis
Andrew Colocotronis
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
2200 Riverview Tower
9800 South Gay Street
PO Box 1792
Knoxville, TN 37902
(865) 549-7000
(865) 525-8569 (fax)

*ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2007, a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC. was electronically filed with the Court. This document is available for viewing and downloading from the Court's CM/ECF system. Service of same has been made upon the following in the manner listed below:

John D. McMahan
MCMAHAN LAW FIRM
323 High Street
Chattanooga, TN 37403
*via electronic notice*

/s/ Andrew Colocotronis
Andrew Colocotronis